# ATTACHMENT A

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"), NextGen Healthcare, Inc. (NextGen), and Relators Elizabeth Ringold and Toby Markowitz (Relators) (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A.   NextGen, which is incorporated in Delaware, is a publicly owned vendor of health information technology, including integrated electronic health record ("EHR") software.

B.   On November 19, 2018, Relators filed a *qui tam* action in the United States District Court for the District of Vermont captioned *United States ex rel. Markowitz et al. v. NextGen Healthcare, Inc.*, Case No. 2:18-cv-195 (D. Vt.), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action").

C.   The United States contends that it has certain civil claims against NextGen for causing healthcare providers to submit: (a) false claims for incentive payments to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll ("Medicare") and the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid") based on the use of NextGen's EHR software; and (b) false claims for such incentive payments that were tainted by unlawful remuneration.

D.   As set forth in greater detail in the United States' Complaint in Intervention, the United States contends the following (the "Covered Conduct"):

(a)   NextGen knew that in order to receive incentive payments under the Centers for Medicare & Medicaid Services ("CMS") EHR Incentive Payment Programs,

-1-

eligible healthcare providers were required to use certified EHR software. The United States contends that NextGen improperly obtained certification of its EHR software (versions 5.8.0.77, 5.8.1, 5.8.2, and 5.8.3) to the 2014 Edition certification under the Office of the National Coordinator's (ONC's) Health IT Certification Program, when in fact NextGen knew that its EHR software as used by healthcare providers would not satisfy all requirements for which it was certified. NextGen failed to disclose to its ONC Accredited Certifying Body (ONC-ACB) that NextGen had embedded functionality to meet applicable requirements for certification into a temporary version of its separate Knowledge Based Model (KBM) product in order to pass certification testing, that NextGen was relying on this temporary version of the KBM in order for its EHR software to pass certification testing, and that the EHR software that NextGen would later release to its users would lack the functionality to satisfy these requirements for certification. Specifically, the United States alleges that those versions of NextGen's EHR software did not include full functionality to:

    i.    Allow users to electronically record a patient's active problem list or to electronically record a patient's family health history using the standard vocabulary known as Systematized Nomenclature of Medicine – Clinical Terms ("SNOMED CT") as required for its certification in accordance with 45 CFR § 170.314(a)(5) and § 170.314(a)(13), respectively;

    ii.    Enable users to electronically create a transition of care/referral summary for all patients within the EHR technology in accordance with 45 CFR § 170.314(b)(2) and § 170.314(e)(2), respectively; and

    iii.    Enable users to electronically record vital signs or automatically calculate body mass index correctly as required for its certification in accordance with 45 C.F.R. §170.314(a)(4).

Because NextGen's EHR software as ultimately released to its users did not contain all the functionality required for its certification, the United States alleges that NextGen

knowingly caused eligible healthcare providers who used versions 5.8.0.77, 5.8.1, 5.8.2, and 5.8.3 of its EHR software to falsely attest to compliance with CMS requirements necessary to receive Medicare incentive payments during the reporting periods for 2014 through 2016 and Medicaid incentive payments during the reporting periods for 2014 through 2017.

(b) The United States further contends that, between January 2011 and July 2017, NextGen offered, provided, and/or agreed to provide improper remuneration to existing customers and other third parties in exchange for recommendations of its EHR software in violation of the Anti-Kickback Statute (AKS), 42 U.S.C. § 1320a-7b. As a result, the United States alleges that between January 2011 and July 2017, NextGen users that purchased NextGen's product pursuant to these recommendations submitted tainted claims for incentive payments under the Meaningful Use Programs.

E. This Settlement Agreement is neither an admission of liability by NextGen nor a concession by the United States that its claims are not well founded. NextGen denies the United States' allegations in Paragraph D and its Complaint in Intervention.

F. Relators claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relators' reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. NextGen shall pay to the United States $31,000,000 (thirty-one million dollars) ("Settlement Amount") of which $15,500,000 (fifteen million, five hundred thousand dollars) is restitution, and interest on the Settlement Amount at a rate of 3 percent per annum from March

31, 2023, no later than ten (10) days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

2. Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $5,580,000 (five million, five hundred eighty thousand dollars), plus interest accrued on that amount, to Relators by electronic funds transfer (Relators' Share).

3. NextGen shall pay $1,200,000 (one million, two hundred thousand) to Relators for attorneys' fees, expenses and costs no later than ten (10) days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions provided by Phillips & Cohen, LLP, counsel for Relators.

4. Subject to the exceptions in Paragraph 6 (concerning reserved claims) below, and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, the United States releases NextGen, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

5. Subject to the exceptions in Paragraph 6 below, and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release NextGen, together with its

current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; the corporate successors and assigns of any of them; and all of their respective current and former officers, directors, employees, attorneys, and other agents from any claims the Relators have asserted, could have asserted, or may assert in the future related to the Civil Action, including any civil monetary claims Relators have asserted or could assert on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

6. Notwithstanding the releases given in Paragraphs 4 and 5 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability or enforcement right, including mandatory or permissive exclusion from federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals;

g. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

h. Any liability for failure to deliver goods or services due; and

   i. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

 7. Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

 8. NextGen waives and shall not assert any defenses NextGen may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

 9. NextGen fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that NextGen has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

 10. NextGen on behalf of itself and its predecessors, successor, assigns, parents, subsidiaries, investors, and agents, as well as any of their past or present managers, directors, officers, employees, insurers and attorneys, fully and finally releases the Relators and their heirs, successors and assigns, attorneys and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that NextGen has asserted, could have

asserted, or may assert in the future against the Relators, related to the Civil Action and the Relators' or the United States' investigation and prosecution thereof.

11. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and NextGen agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

12. NextGen agrees to the following:

a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395111 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of NextGen, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil and criminal investigations of the matters covered by this Agreement;

(3) NextGen's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and criminal investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement;

      (5)      the payment NextGen makes to the United States pursuant to this Agreement and any payments that NextGen may make to Relators, including costs and attorneys fees; and

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

      b.      <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by NextGen, and NextGen shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by NextGen or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.      <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: NextGen further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by NextGen or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. NextGen

agrees that the United States, at a minimum, shall be entitled to recoup from NextGen any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by NextGen or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on NextGen or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

        d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine NextGen's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

13.    This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 14 (waiver for beneficiaries paragraph), below.

14.    NextGen agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

15.    Upon receipt of the payments described in Paragraph 1 and 3, above, the United States and Relators shall promptly sign and file in the Civil Action a Joint Stipulation of

Dismissal of the Civil Action pursuant to Rule 41(a)(1) and subject to the terms of this Agreement (the "Stipulation"). The Stipulation shall state that the allegations described in the United States' Complaint in Intervention shall be dismissed with prejudice as to the United States. Any remaining claims in the action shall be dismissed without prejudice as to the United States. All claims against all defendants shall be dismissed with prejudice as to Relators.

16. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17. Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

18. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Vermont. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

20. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

21. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22. This Agreement is binding on NextGen's successors, transferees, heirs, and assigns.

23. This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

24. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

25. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

DATED: 7/13/23   BY: _____
LAUREN ALMQUIST LIVELY
Assistant United States Attorney
United States Attorney's Office
District of Vermont

DATED: 7/13/23   BY: _____
CHRISTELLE KLOVERS
KELLEY C. HAUSER
EDWARD CROOKE
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED:   BY:   LISA RE   Digitally signed by LISA RE
Date: 2023.07.13 08:11:29 04'00'

LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General Office of Inspector General
United States Department of Health and Human Services

**DEFENDANT NEXTGEN**

DATED: 7/13/23     BY: _____
JEFF LINTON
General Counsel
NextGen Healthcare, Inc.

DATED: 7/13/23     BY: _____
MANNY ABASCAL
*Counsel for NextGen Healthcare, Inc.*

-13-

**RELATORS**

DATED: July 12, 2023   BY: _____
                           ELIZABETH RINGOLD


DATED:                 BY: _____
                           TOBY MARKOWITZ


DATED:                 BY: _____
                           COLETTE G. MATZZIE
                           *Counsel for Relators*

-14-

**RELATORS**

DATED: _____  BY: _____
                          ELIZABETH RINGOLD

DATED: July 12, 2023  BY: _____
                          TOBY MARKOWITZ

DATED: _____  BY: _____
                          COLETTE G. MATZZIE
                          *Counsel for Relators*

## RELATORS

DATED: _____  BY: _____
ELIZABETH RINGOLD

DATED: _____  BY: _____
TOBY MARKOWITZ

DATED: 7/10/23  BY: *Colette G. Matzzie* (signature)
COLETTE G. MATZZIE
*Counsel for Relators*